JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

County in which action arose: Macomb

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARLO VARTINELLI

**(b)** County of Residence of First Listed Plaintiff: MACOMB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MARK R. BENDURE (P23490)
15450 E. JEFFERSON AVE., SUITE 110
GROSSE POINTE PARK, MI 48230    (313) 961-1525

### DEFENDANTS
ARAMARK CORRECTIONAL SERVICES, ET AL

County of Residence of First Listed Defendant: MACOMB
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [x] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC SECTION 1983

Brief description of cause:
DELIBERATE INDIFFERENCE TO MEDICAL AND DIETARY NEEDS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 3,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: MARCH 23, 2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CARLO VARTINELLI,                              Case No:

    Plaintiff,

vs.

ARAMARK CORRECTIONAL SERVICES,
A Delaware for Profit Corporation,
ERIC FOSS, MELVIN EDDY,
RON ECKERT, ANNA BENSON,
SHEILA BROWN and K. ROUNDS,
Jointly and Severally,

    Defendants.

_____/

MARK R. BENDURE (P23490)
**Bendure & Thomas, PLC**
Attorneys for Plaintiff
15450 E. Jefferson Avenue, Suite 110
Grosse Pointe Park, MI 48230
(313) 961-1525
bendurelaw@cs.com

_____/

# COMPLAINT AND JURY DEMAND

Plaintiff CARLO VARTINELLI, by and through his attorneys, BENDURE & THOMAS, PLC, states by way of Complaint that:

## Parties and Jurisdiction

1. Plaintiff CARLO VARTINELLI ("Plaintiff" or "Vartinelli") is a resident of the Macomb Correctional Facility ("MCF"), a prison operated by the

Michigan Department of Corrections ("MDOC") in Macomb County, Michigan within the Eastern District of Michigan Southern Division.

2. Plaintiff has previously initiated ten civil actions:

   a. <u>Vartinelli v Hutchinson</u>, 2:94-cv-74630-PJD

   b. <u>Vartinelli v Shanklin</u>, 2:96-cv-72509-HWG

   c. <u>Vartinelli v Worley</u>, 4:96-cv-40270-PVG

   d. <u>Vartinelli v Moskalik</u>, 1:03-cv-00323-RHB

   e. <u>Vartinelli v Burt</u>, 2:05-cv-70949-LPZ

   f. <u>Vartinelli v Caruso</u>, 2:07-cv-12388-MOB

   g. <u>Vartinelli v Pramstaller</u>, 2:10-cv-10702-PJD

   h. <u>Vartinelli v Warren</u>, 2:11-cv-11376-PJD

   i. <u>Vartinelli v Burt</u>, 1:14-cv-00045-GJQ

   j. <u>Vartinelli v Burt</u>, 1:14-cv-00186-RHB

3. Plaintiff has exhausted his administrative remedies for the events detailed in this Complaint by pursuing Step Three grievances which were denied on April 23, 2015 (see Exs. A, B, C, D, E, F).

4. Defendant ARAMARK CORRECTIONAL SERVICES, LLC ("Aramark") is a for-profit corporation organized under the laws of Delaware, doing business in the Eastern District of Michigan at the time of the events detailed in this lawsuit.

5. Defendant Aramark has appointed as its resident agent the Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

2

6. At the time of the events detailed in this Complaint, Aramark was engaged under a 2009 contract with MDOC to provide meals and food services to prisoners under the jurisdiction of MDOC, including Plaintiff and others residing at MCF in the Eastern District of Michigan.

7. Defendant ERIC FOSS ("Foss"), at the time of the events detailed in this Complaint, was the Chief Executive Officer (CEO) of Defendant Aramark.

8. Defendant ANNA BENSON ("Benson"), at the times detailed in this Complaint, was employed by Aramark as a Food Services Director to provide food services to MDOC prisoners, including Plaintiff.

9. Defendant Benson, at the time of the events detailed in this Complaint, is believed to reside in the State of Michigan, Eastern Division.

10. Defendant SHEILA BROWN ("Brown"), at the times detailed in this Complaint, was employed by Aramark to provide food services to MDOC prisoners, including Plaintiff.

11. Defendant Brown, at the time of the events detailed in this Complaint, is believed to reside in the State of Michigan, Eastern District.

12. Defendant MELVIN EDDY ("Eddy") at the times detailed in this Complaint, was employed by Aramark as a Food Services Director to provide food services to MDOC prisoners, including Plaintiff.

13. Defendant Eddy, at the time of the events detailed in this Complaint, is believed to reside in the State of Michigan, Eastern District.

14. Defendant RON ECKERT ("Eckert"), at the times detailed in this Complaint, was employed by Aramark to provide food services to MDOC prisoners, including Plaintiff.

15. Defendant Eckert, at the time of the events detailed in this Complaint, is believed to reside in the State of Michigan, Eastern District.

16. Defendant K. ROUNDS ("Rounds"), at the times detailed in this Complaint, was employed by Aramark to provide food services to MDOC prisoners, including Plaintiff.

17. Defendant Rounds, at the time of the events detailed in this Complaint, is believed to reside in the State of Michigan, Eastern District.

18. At the time of the events detailed in this Complaint, Defendants Foss, Eddy, Eckert, Benson, Brown, and Rounds, and each of them, were acting in the scope and course of their employment by Aramark.

19. At the time of the events detailed in this Complaint, Aramark and its employees, Defendants Foss, Eddy, Eckert, Benson, Brown and Rounds, were acting under color of state law pursuant to the contract between Aramark and MDOC.

20. Plaintiff's cause of action arose in whole or in part at the Macomb Correctional Facility in the Eastern District of the State of Michigan.

21. Plaintiff seeks recovery under 42 USC §1988, as well as Michigan state law.

22. This Court has jurisdiction under 28 USC §1331 and 28 USC §1343 to entertain Plaintiff's cause of action under federal law, and has jurisdiction under 28 USC §1367 to entertain Plaintiff's state law claims.

23. Venue properly lies within this District under USC §1391(b), as Defendants provided their services in this District, and the events giving rise to Plaintiff's cause of action occurred in this District.

## Background Facts

24. Following countless allergic reactions, causing muscle pain, cramps, fatigue, and other adverse physical consequences, an allergist diagnosed Plaintiff with allergies to fish, peanut butter, latex and iodine, exposure to which causes anaphylaxis and other physical consequences.

25. For several years, MDOC records document Plaintiff's allergies to peanut butter, fish and iodine (see Ex. H), and medically prescribed Special Accommodation Orders direct that he not be provided with, or exposed to, fish or peanut butter (see Ex. I).

26. Following Plaintiff's transfer to MCF, Defendants, and each of them who worked at MCF or oversaw food services at MCF, were given actual knowledge of Plaintiff's allergies and the medical directions that he not be exposed to fish or peanut butter.

27. Despite this actual knowledge and with deliberate indifference to Plaintiff's medical and dietary health, Aramark and its individual employee Defendants placed peanut butter and fish in Plaintiff's food and allowed

5

other Aramark employees to place peanut butter and fish in Plaintiff's food or expose him to the smell of those substances.

28. The instances in which Defendants provided Plaintiff or exposed him to peanut butter or fish include, but are not limited to:

    a. January 25, 2014 (Ex. A)

    b. June 30, 2014 (Ex. B)

    c. October 12, 2014 (Ex. C)

    d. December 12, 2014 (Ex. D)

    e. December 24, 2014 (Ex. E)

    f. January 3, 2015 (Ex. F)

29. On those dates, and in deliberate indifference to Plaintiff's medical and dietary well-being, Defendants knowingly withheld from subordinate kitchen workers the fact of Plaintiff's allergies and the medically prescribed Special Accommodation Orders.

30. On July 31, 2014 Plaintiff asked Aramark supervisory personnel to prevent additional exposure to known allergens, but Aramark refused to discuss the matter and continued to allow medically injurious exposure to known allergens, in deliberate indifference to Plaintiff's medical and dietary well-being (see Ex. G).

31. As a result of Defendants' continued deliberate indifference and their conduct in repeatedly exposing Plaintiff to known allergens, Plaintiff has suffered, and in the future will suffer, losses, injuries and damages

6

including, but not limited to fatigue, severe muscle pain, the need to use steroids and the detrimental effects of steroid use, anaphylaxis, breathing problems, chest pain and physical deterioration, heart and nerve damage, physical pain and suffering, and mental anguish.

## COUNT I – <u>VIOLATION OF CIVIL RIGHTS</u>

32. Plaintiff adopts and incorporates by reference the allegations of paragraphs 1 to 31, inclusive, of this Complaint.

33. Each and every Defendant acted under color of Michigan law in their interactions with Plaintiff.

34. Plaintiff was and is subject to protections of the First Amendment, Eighth Amendment and Fourteenth Amendment to the Constitution of the United States.

35. Defendants violated Plaintiff's rights under the First, Eighth and Fourteenth Amendments by their deliberate indifference to his medical needs and retaliatory conduct by the following practices, without limitation:

   a. Retaliating against Plaintiff for protected activities;

   b. Intentionally exposing Plaintiff to peanut butter and fish despite knowing of his allergies and severe reactions;

   c. Refusing to end their unconstitutional practice of exposing Plaintiff to peanut butter and fish;

   d. Willfully failing to advise subordinate food service personnel of Plaintiff's allergies;

7

    e. Violating the MDOC's medically prescribed Special Accommodation Orders; and

    f. Refusing to meet with Plaintiff to discuss cessation of their practice of intentionally exposing Plaintiff to peanut butter and fish allergens.

36. In violation of Plaintiff's rights as described in this Complaint, Defendants acted wantonly, intentionally and maliciously.

37. The conduct of Defendants described above violated Plaintiff's rights under the First, Eight, and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiff seeks judgment against Defendants, jointly and severally, for all compensatory and punitive damages, as well as costs, interest, and attorney fees, to the fullest extent recoverable under 42 USC §1983, 42 USC §1988, or other provisions of federal law.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 to 37, inclusive, of this Complaint as if realleged word for word.

39. As a matter of Michigan law, Defendants owed to Plaintiff the duty to refrain from intentionally inflicting emotional distress.

40. Despite and in violation of that duty, Defendants intentionally inflicted emotional distress on Plaintiff by exposing him to peanut butter and fish, knowing he is allergic to these foods and that exposure would cause

8

Plaintiff unnecessary physical and emotional pain and suffering, in violation of the medically prescribed Special Accommodation Orders of MDOC's medical professionals.

41. As a proximate result of the conduct of Defendants as described in this Complaint, Plaintiff has suffered and will suffer damages and losses, including without limitation:

    a. Extreme physical pain and suffering;

    b. Extreme mental anguish, exacerbated by Plaintiff's knowledge of the intentional nature of the conduct of Aramark and its employees, for which exemplary damages are sought;

    c. The medical losses and setbacks described in paragraph 31 above.

WHEREFORE, Plaintiff seeks Judgment against Defendants, jointly and severally, for all compensatory and exemplary damages, as well as costs, interest, and attorney fees, to the fullest extent recoverable under Michigan law.

## COUNT III - <u>NEGLIGENCE</u>

42. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 to 41, inclusive, of this Complaint as if realleged word for word.

43. Defendants owed to Plaintiff the duty to exercise reasonable care for Plaintiff's safety and well-being and to refrain from injurious conduct.

44. Despite and in violation of this duty, Defendants negligently failed to exercise reasonable care for Plaintiff's well-being in the following respects, without limitation:

    a. By failing to acquaint themselves with medically prescribed Special Accommodation Orders and Plaintiff's dietary restrictions.

    b. By failing to educate and train subordinate staff about medically prescribed Special Accommodation Orders and Plaintiff's dietary restrictions.

    c. By failing to follow medically prescribed Special Accommodation Orders or to accommodate Plaintiff's dietary restrictions.

    d. By serving Plaintiff with peanut butter and fish, and exposing him to peanut butter and fish, despite his known serious allergies.

    e. By failing to meet and discuss with Plaintiff his Special Accommodation Orders and dietary restrictions.

45. As a result of the negligence of Defendant Aramark and its Defendant employees, Plaintiff has suffered losses, damages, and injuries including but not limited to:

    a. Extreme physical pain and suffering;

    b. Extreme mental anguish, exacerbated by Plaintiff's knowledge of the intentional nature of the conduct of Aramark and it employees, for which exemplary damages are sought;

10

   c. The medical losses and setbacks described in paragraph 31 above.

WHEREFORE, Plaintiff seeks Judgment against Defendants, jointly and severally, for all compensatory and exemplary damages, as well as costs, interest, and attorney fees, to the fullest extent recoverable under Michigan law.

Respectfully Submitted,

*/s/ Mark R. Bendure*
MARK R. BENDURE (P23490)
**Bendure & Thomas, PLC**
Attorneys for Plaintiff
15450 E. Jefferson Avenue, Suite 110
Grosse Pointe Park, MI 48230
(313) 961-1525
bendurelaw@cs.com

Dated: March 23, 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CARLO VARTINELLI,   Case No:

    Plaintiff,

vs.

ARAMARK CORRECTIONAL SERVICES,
A Delaware for Profit Corporation,
ERIC FOSS, MELVIN EDDY,
RON ECKERT, ANNA BENSON,
SHEILA BROWN and K. ROUNDS,
Jointly and Severally,

    Defendants.

_____/

MARK R. BENDURE (P23490)
**Bendure & Thomas, PLC**
Attorneys for Plaintiff
15450 E. Jefferson Avenue, Suite 110
Grosse Pointe Park, MI 48230
(313) 961-1525
bendurelaw@cs.com

_____/

## JURY DEMAND

Plaintiff hereby requests trial by jury of all issues.

Respectfully Submitted,

BENDURE & THOMAS, PLC

By: /s/ Mark Bendure
MARK R. BENDURE (P23490)
Counsel for Plaintiff
15450 E. Jefferson Ave., Suite 110
Grosse Pointe Park, MI 48230
(313) 961-1525
bendurelaw@cs.com

## PROOF OF SERVICE

STATE OF MICHIGAN   )
                    ) SS.
COUNTY OF WAYNE     )

**JEFFREY J. HYLAND**, being first duly sworn, deposes and says that on the 23rd day of March, 2018 he caused to be served COMPLAINT AND JURY DEMAND, EXHIBITS and this PROOF OF SERVICE upon:

ARAMARK CORRECTIONAL SERVICES, LLC
c/o THE CORPORATION COMPANY (Resident Agent)
40600 Ann Arbor Road East, Suite 201
Plymouth, MI 48170

by placing same in an envelope with first class postage fully prepaid thereon, addressed to the resident agent listed above, and depositing in the U.S. Mail at Grosse Pointe Park, MI 48230.

Jeffrey J. Hyland
Legal Assistant to Mark R. Bendure (P23490)
**BENDURE & THOMAS, PLC**
Attorneys for Plaintiff Carlo Vartinelli

Subscribed and sworn to before me
this 23rd day of March, 2018.

Karen M. Remlinger, Notary Public
Wayne County, Michigan
My Commission Expires: 12/28/23